# WALLACE ET AL. *v.* HINES, DIRECTOR GENERAL OF RAILROADS, ET AL.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NORTH DAKOTA.

No. 683. Argued April 21, 1920.—Decided May 3, 1920.

In the absence of an adequate remedy at law plainly allowed against the State, equity has jurisdiction to restrain state officials from enforcing an illegal tax, the effect of which if not paid would be to cloud plaintiff's title and subject him to pecuniary penalties. P. 67.

*Held,* that the law of North Dakota permitting actions respecting title to property or arising upon contract to be brought against the State as against a private person does not clearly allow such an adequate remedy, since an action to recover money wrongfully extorted is a case in contract only in an artificial sense. *Id.*

The method of taxing an interstate railroad company by assessing the value of its property within the State at that proportion of the total value of its stocks and bonds that the main track mileage within the State bears to the main track mileage of the entire line, is indefensible when it is shown that the cost of construction per mile was much less within than without the taxing State, and that the large and valuable terminals are elsewhere. P. 68.

No property of such an interstate railroad situate beyond the State can be taken into account in taxation unless it can be seen in some plain, intelligible way that it adds to the value of the road and of the rights exercised, within the taxing State. P. 69.

Hence the possession of bonds secured by mortgage of lands in other States, or of a land-grant or other property elsewhere, adding to the riches of the corporation but not affecting the road in the taxing State, can afford no ground for increasing the tax there, whatever the tax may be,—on property or an excise on doing business. P. 70.

North Dakota law of March 7, 1919, c. 222, as administered, *held* an unwarrantable interference with interstate commerce and a taking of property without due process of law. *Id.*

Affirmed.

THE case is stated in the opinion.

*Mr. F. E. Packard,* Assistant Attorney General of the
State of North Dakota, with whom *Mr. William Langer,*
Attorney General of the State of North Dakota, was on the
brief, for appellants.

*Mr. E. Marvin Underwood,* with whom *The Solicitor
General, Mr. D. F. Lyons, Mr. M. L. Countryman, Mr. F.
H. Field, Mr. H. B. Dike* and *Mr. Alexander Koplin* were
on the brief, for the Director General of Railroads, ap-
pellee.

*Mr. Charles W. Bunn,* with whom *Mr. Burton Hanson,
Mr. E. C. Lindley* and *Mr. A. H. Bright* were on the brief,
for the railway companies, appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from an order of three judges re-
straining the defendants, the appellants, from taking steps
to enforce taxes imposed by an Act of North Dakota,
approved March 7, 1919, (c. 222,) until the further order
of the Court. The plaintiff railroads are corporations of
other States with lines extending into North Dakota. The
defendants are the State Tax Commissioner, the State
Treasurer, the State Auditor, the Attorney General and
the Secretary of State for North Dakota. As the tax is
made a first lien upon all the property of the plaintiff rail-
roads in the State and thus puts a cloud upon their title,
and as delay in payment is visited with considerable
penalties, there is jurisdiction in equity unless there is an
adequate remedy at law against the State, to which the
tax is to be paid. *Shaffer* v. *Carter,* 252 U. S. 37. *Gaar, Scott
& Co.* v. *Shannon,* 223 U. S. 468, 472. The only ground for
supposing that there is such a remedy is a provision that
"an action respecting the title to property, or arising upon
contract may be brought in the district court against the

state the same as against a private person." Compiled
Laws, N. Dak. 1913, § 8175. This case does not arise upon
contract except in the purely artificial sense that some
claims for money alleged to have been obtained wrongfully
might have been enforced at common law by an action of
assumpsit. Nothing could be more remote from an actual
contract than the wrongful extortion of money by threats,
and we ought not to leave the plaintiffs to a speculation
upon what the State Court might say if an action at law
were brought. *Union Pacific R. R. Co.* v. *Weld County,* 247
U. S. 282.

. We quote the tax law in full.[1] It will be seen that it

---

[1] (2) Every corporation, joint-stock company or association, now
or hereafter organized under the law of any other State, the United
States or a foreign country, and engaged in business in the State during
the previous calendar year, shall pay annually a special excise tax with
respect to the carrying on or doing business in the State by such corpo-
ration, joint-stock company or association, equivalent to 50 cents for
each $1,000.00 of the capital actually invested in the transaction of
business in the State; provided, that in the case of a corporation en-
gaged in business partly within and partly without the State, invest-
ment within the State shall be held to mean that proportion of its
entire stock and bond issues which its business within the State bears
to its total business within and without the State, and where such
business within the State is not otherwise more easily and certainly
separable from such entire business within and without the State,
business within the State shall be held to mean such proportion of the
entire business within and without the State, as the property of such
corporation within the State bears to its entire property employed in
such business both within and without the State; provided, that in the
case of a railroad, telephone, telegraph, car or freight-line, express
company or other common carrier, or a gas, light, power or heating
company, having lines that enter into, extend out of or across the
State, property within the State shall be held to mean that proportion
of the entire property of such corporation engaged in such business
which its mileage within the State bears to its entire mileage within and
without the State. The amount of such annual tax shall in all cases be
computed on the basis of the average amount of capital so invested
during the preceding calendar year; provided, that for the purpose of

purports to be a special excise tax upon doing business in the State. As the law is administered, the tax commissioner fixes the value of the total property of each railroad by the total value of its stocks and bonds and assesses the proportion of this value that the main track mileage in North Dakota bears to the main track of the whole line. But on the allegations of the bill, which is all that we have before us, the circumstances are such as to make that mode of assessment indefensible. North Dakota is a State of plains, very different from the other States, and the cost of the roads there was much less than it was in mountainous regions that the roads had to traverse. The State is mainly agricultural. Its markets are outside its boundaries and most of the distributing centers from which it purchases also are outside. It naturally follows that the great and very valuable terminals of the roads are in other States. So looking only to the physical track the injustice of assuming the value to be evenly distributed according to main track mileage is plain. But that is not all.

The only reason for allowing a State to look beyond its borders when it taxes the property of foreign corporations is that it may get the true value of the things within it, when they are part of an organic system of wide extent, that gives them a value above what they otherwise would possess. The purpose is not to expose the heel of the system to a mortal dart—not, in other words, to open to taxation what is not within the State. Therefore no property of such an interstate road situated elsewhere can be taken into account unless it can be seen in some plain and fairly intelligible way that it adds to the value of the road and the rights exercised in the State. Hence the

this tax an exemption of $10,000.00 from the amount of capital invested in the State shall be allowed; provided, further, that this exemption shall be allowed only if such corporation, joint-stock company or association furnish to the Tax Commissioner all the information necessary to its computation.

possession of bonds secured by mortgage of lands in other States, or of a land-grant in another State or of other property that adds to the riches of the corporation but does not affect the North Dakota part of the road is no sufficient ground for the increase of the tax—whatever it may be—whether a tax on property, or, as here, an excise upon doing business in the State. *St. Louis Southwestern Ry. Co.* v. *Arkansas*, 235 U. S. 350, 364. In this case, it is alleged, the tax commissioner's valuation included items of the kind described to very large amounts. The foregoing considerations justify the preliminary injunction that was granted against what would appear to be an unwarranted interference with interstate commerce and a taking of property without due process of law. *Fargo* v. *Hart*, 193 U. S. 490. *Union Tank Line Co.* v. *Wright*, 249 U. S. 275, 282.

The Attorney General of the State in his very candid argument suggested that if the mode adopted by the tax commissioner were open to objections the statute might be construed to give him an election as to the method of distribution, and that he should take gross earnings, or, if more easily ascertainable, the property or mileage basis of distribution. As we are dealing only with a preliminary injunction we confine our consideration to a general view of the mode actually followed, and upon that we are of opinion that the decree should be affirmed.

*Decree affirmed.*