**FISHER, State Treasurer of North Dakota, et al. v. STANDARD OIL CO.**

(Circuit Court of Appeals, Eighth Circuit. May 10, 1926.)

No. 7075.

1. Taxation ☞363½—Method used by North Dakota state treasurer in assessing income tax on foreign oil corporation by proportioning business done within state to that done without state as basis of allocation held in conflict with property basis method required by statute authorizing tax (Laws N. D. 1919, c. 224).

Method adopted by North Dakota state treasurer for assessing tax against foreign oil corporation, under Laws N. D. 1919, c. 224, using proportion of business done within the state to that done without state as ratio of allocation, and being wholly apart from a property basis, *held* contrary to and conflicting with property basis method required therein.

2. Taxation ☞363½—In determining income tax of oil corporation on property basis of allocation, all property used in manufacturing and refining outside of state must be considered, though only property belonging to corporation within state is that used in sale and distribution (Laws N. D. 1919, c. 224).

In determining, on property basis of allocation, income tax due to state from foreign oil corporation, under Laws N. D. 1919, c. 224, all property used by corporation in manufacturing and refining should be included, although only property within state was that used in sales and distribution of products, since profits allocated to outside states accrue partially from manufacture and refining.

3. Taxation ☞363½.

Theories of allocation have no place in determining income tax on corporation, if net income within state can be distinguished from outside business.

Appeal from the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

Bill by the Standard Oil Company against C. A. Fisher, as State Treasurer of the State of North Dakota, and others. Decree for plaintiff, and defendants appeal. Affirmed.

C. J. Lynch and T. H. H. Thoresen, both of Bismarck, N. D. (Geo. F. Shafer, Atty. Gen., on the brief), for appellants.

Edward B. Cox, of Bismarck, N. D. (O'-Hare & Cox, of Bismarck, N. D., and C. W. Martyn and F. E. Packard, both of Chicago, Ill., on the brief), for appellee.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

LEWIS, Circuit Judge. This case was submitted on bill and answer. The controversy is over the construction of a North Dakota statute which imposes a tax of 3 per cent. on the net income of corporations, foreign and domestic, derived annually from business conducted in that State. Appellee is an Indiana corporation, and its business in North Dakota consisted of selling at wholesale and retail petroleum products and by-products which it produced, manufactured and refined wholly outside that State and shipped into that State for sale there. It owned real and personal property in North Dakota of the approximate values of $1,500,000 in 1919, $2,400,000 in 1920 and $2,173,000 in 1921, not said to be exempt from ad valorem taxes, which it used in selling and distributing its products after bringing them within the State. It appears inferentially, if not expressly, that as shipments were received they were charged to its North Dakota selling agency at wholesale prices, and thereafter handled and disposed of only in that State. Appellants say in their brief that two per cent. was added as profit to the cost of producing, manufacturing and refining, on receipt of shipments and before sale in the State. Appellee made return for each of the years 1919, 1920 and 1921 as if its net income on business in North Dakota for each of those years was certainly separable from its income elsewhere, the taxing officer accepted them, made the levy of 3 per cent. and appellee paid the taxes as follows: For 1919 $7,245.05, for 1920 $21,933.41, and for 1921 nothing, because for the last year the return showed that there was no taxable net income. Later, a change having occurred in the personnel of the State Tax Commissioner, it was claimed that the returns had not been properly made and did not correctly show appellee's net income in North Dakota for either year. He called on appellee for further information, and having received it made reassessments as follows: For 1919 $17,745.62, for 1920 $74,-473.37, and for 1921 $13,030.62; making total taxes for the three years of $105,249.61, as against $29,178.46 originally assessed and paid. Thereupon this bill was exhibited by appellee, challenging the validity of the reassessments; and the court held them void and enjoined the collection of the amounts so reassessed, on the ground that the Tax Commissioner, in making the reassessments, had pursued a method of arriving at appellee's net income within the State not authorized by the statute and in conflict with its express provisions.

The sections of the statute (chapter 224, Session Laws 1919) that need to be considered are these:

"Sec. 10. (a) There shall be levied, assessed, collected and paid annually upon the

total net income received in the preceding calendar year from all sources by every corporation, joint-stock company or association organized in the state, no matter how created or organized, a tax of 3 per cent. upon such total net income; and a like tax shall be levied, assessed, collected and paid upon the total net income received from all sources within the state by every corporation, joint-stock company or association organized or existing under the laws of any other state, the United States, or foreign country. * * *

"(c) When the income of any corporation, whether domestic or foreign, is derived from any business conducted partly within and partly without the state, the tax shall apply to that portion of the total net income which the business within the state bears to the total business within and without the state; and where such business within the state is not otherwise more easily and certainly separable from such total business within and without the state, business within the state shall be held to mean that proportion of the total business within and without the state which the property of such corporation within the state bears to its entire property employed in such business within and without the state. * * *

"Sec. 12. (b) In the case of a corporation, joint-stock company or association organized, authorized or existing under the laws of another state, the United States, or a foreign country, the net income subject to the tax herein imposed shall be ascertained by deducting from its total net income from all sources:

"First. All income derived from sources without the state;

"Second. All the items enumerated under sub-section (a) of this section, as applied to the business or property of any such corporation, joint-stock company or association within the state. * * *

"Sec. 27. No provision contained in this Act shall be construed as an attempt to impose a burden upon Interstate Commerce, or to tax the income of any individual or nonresident corporation derived from sources wholly without the state; but the income of any individual, corporation, joint-stock company or association subject to the provisions of this Act, derived from business conducted partly within and partly without the state, is taxable in that proportion which the business within the state bears to the entire business within and without the state; and where such business within the state is not otherwise more easily and certainly separable from such business without the state, business within the· state shall be held to mean such proportion of the total business within and without the state as the property of such individual or corporation engaged in such business within the state bears to its entire property so engaged within and without the state."

Appellants asserted in their answer, and counsel argue here, that appellee does not receive any income whatsoever from the production, manufacture and refining of petroleum products or by-products, but only from the sale thereof, that it was not possible to segregate, as distinguished from allocate, the North Dakota business of appellee from its other business, and that it was necessary in the administration of the income tax to arrive at a definite formula or basis of allocation, in the case of corporations carrying on business both within and without the State, and apply such formula to all corporations doing business in North Dakota and in other States, and it is admitted in the answer " * * * * that the tax commissioner, in making the reassessments complained of in plaintiff's bill, used a sales ratio for allocating to North Dakota its share of plaintiff's net income, that is, the ratio of North Dakota sales to the total sales, but allege that the tax commissioner applied such ratio only to plaintiff's income derived from sales of petroleum products. * * *" In further amplifying the method pursued in making the reassessments the answer states it was " * * * necessary to take into account all of its receipts and all of its disbursements in all states in which it is conducting the business in question, and that after determining the total amount of the net income of any corporation derived from a business conducted partly in North Dakota and partly in other states, it becomes necessary for purposes of taxation, to allocate to North Dakota such portion of the total net income thereof as North Dakota is entitled to tax; and the statute in question provides that such proportion of the total net income of any corporation from any business shall be taxed in North Dakota as the business of the corporation within North Dakota bears to its total business, both within and without the state. The tax commissioner of North Dakota pursuant to said statute, did determine from the reports filed by the plaintiff, that plaintiff realized a net income from its sales of petroleum products during each of the years involved and the amount thereof, and then determined for each year the ratio of allocation as prescribed by the statute and applied such ratio of allocation so determined to the amount of net income of the plaintiff derived from sales of petroleum products

and by-products and thus arrived at the amount of plaintiff's net income which should properly be allocated to North Dakota for taxation purposes, *using as a measure of the amount of business within and without the state the respective amounts of the total gross sales of petroleum products within and without the state,* and the tax commissioner then proceeded to compute, assess, and certify the tax complained of upon the amount of net income thus allocated to North Dakota."

[1, 2] On these allegations and admissions in the answer it is freely conceded that the commissioner wholly ignored the value of appellee's property which it uses in the production, manufacture and refining of its products, because it is contended that profits or income arises only from sales and not from production and manufacture. The property of appellee devoted only to sales and distribution in the different States was also ignored in arriving at the ratio for the purpose of reassessment. The ratio of allocation was wholly apart from a property basis. It was on a gross sales basis. Section 10 (c) and section 27 each expressly provide that where the income is derived from business conducted partly within and partly without the State it is taxable in that proportion which the business within the State bears to the entire business within and without the State; and where such business within the State is not otherwise more easily and certainly separable from such business without the State, business within the State shall be held to mean such proportion of the total business within and without the State as the property of such individual or corporation engaged in such business within the State bears to its entire property so engaged within and without the State. This is a clear and explicit declaration that the ratio of allocation to be applied, where the business within the State is not easily and certainly separable from business without the State, is arrived at on a property basis, that is, "business within the state shall be held to mean such proportion of the total business within and without the state as the property of such individual or corporation engaged in such business within the state bears to its entire property so engaged within and without the state"; and the statute may be searched in vain for the ratio which was applied in the reassessment—the relation of total gross sales within to those without and within the State, applied to appellee's net income within and without the State. For the purpose of allocation, if that became necessary, there was no occasion for speculation by the commissioner as to the meaning of business within and

without the State. The statute carries its own definition for that purpose.

We think it clear that the method thus adopted for the purpose of arriving at the net income within the State cannot be found in the statute, and that it is contrary to and in conflict with the property basis method which those sections require. The bill stated the total value of appellee's property within and without the State of North Dakota, devoted to the production, manufacture, refining, sale and distribution of petroleum and petroleum products, and separately the value of appellee's property within the State of North Dakota for each of the three years, used in sales and distribution. These values were admitted in the answer, and if the property values thus given are used as the basis of allocation of appellee's business, taxes for the three years ascertained on that basis would amount to slightly less than they amounted to under the first assessment; and we see no reason, if sections 10 and 27 control, why appellee's property devoted to the production, manufacture and refining of its product should not be included for the purpose of fixing the ratio. It is earnestly insisted by appellants that if a property basis of allocation is to be resorted to, only the property of appellee devoted to the sale and distribution of its products should be used; because that is the only property used in connection with transactions from which profits or net income can be derived, and that property used in the production, manufacture and refining should be excluded; and this, it is said, would result in a great increase in taxes over those levied under the first assessments. But there are two answers to the contention: no property basis was used in the reassessment; secondly, as said in Underwood Typewriter Co. v. Chamberlain, 254 U. S. 113, 120, 41 S. Ct. 45, 47 (65 L. Ed. 165): "The profits of the corporation were largely earned by a series of transactions beginning with the manufacture in Connecticut and ending with sale in other States." In that case the profits allocated to Connecticut, on which the tax was based, accrued chiefly from manufacture in that State, as compared to sales made there and elsewhere.

[3] Section 12 has been discussed, but neither side claims for it a definite meaning, and the purpose it was intended to serve is not clear. Plainly, it requires that the taxable net income of a foreign corporation from business carried on within the State, which also conducts business without the State, shall be ascertained by simple deductions, after having at hand the requisite primary facts.

If these primary facts—net income from all sources and net income from sources without the State—are not to be ascertained according to the provisions of sections 10 and 27, and section 12 must be regarded as standing independent of the other two sections, permitting some other method of ascertaining net income within the State—then sections 10 and 27 would seem to be in conflict with section 12. The statute does not advise us how the basic facts for computation under section 12 are to be obtained, whether by allocation under 10 and 27 or by direct investigation of all of appellee's business, and separately its business without the State, for the purpose of ascertaining net income in those two respects. But on the facts of this case a solution of that inquiry does not seem to be necessary. The reassessments, which the bill attacked, were made on a ratio of allocation unauthorized, and not permissible under the statute. Theories of allocation can have no place in the inquiry, if net income within the State stands on its own footing unmixed with outside business. Wallace v. Hines, 253 U. S. 66, 40 S. Ct. 435, 64 L. Ed. 782. We think it cannot be doubted that the products as brought into the State had an easily ascertainable wholesale market price. We think appellee's business within the State is easily separable from its other business by charging it with the wholesale price of products which it sells in North Dakota. That would put it on an equality there with those who sell and do not produce and refine. By strong implication from the language of sections 10 and 27 business without the State is to be disregarded, if that within the State is easily and certainly separable from that without, thus creating an exception to the methods in each of the three sections for the ascertainment of net income. Appellee and the Tax Commissioner, in making the first returns and assessments, went upon that construction. We cannot say it was not sound, but we are of opinion that the statute cannot be so construed as to sustain the reassessments.

Affirmed.