**STANDARD OIL CO., INDIANA, v. THORESEN, Tax Commissioner of North Dakota, et al.**

Circuit Court of Appeals, Eighth Circuit. November 17, 1928.

No. 8107.

E. B. Cox, of Bismarck, N. D. (C. W. Martyn and F. E. Packard, both of Chicago, Ill., and O'Hare, Cox & Cox, of Bismarck, N. D., on the brief), for appellant.

C. J. Lynch, of Bismarck, N. D. (T. H. H. Thoresen, of Bismarck, N. D., on the brief), for appellees.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

POLLOCK, District Judge. This is a tax case from the state of North Dakota. That state enacted a tax law in the year 1923, which, in so far as here material, provides (chapter 312, Session Laws North Dakota 1923) as follows:

"There shall be levied, collected and paid for the year ending December 31, 1923, and annually thereafter, upon the net income of every domestic and every foreign corporation received from such sources as are described in article II, sections 7 and 8, a tax equivalent to three per cent. (3%) of such net income." Section 26.

Section 7 of the act, providing for allocation by apportionment of income of corporations, which is involved in this suit, reads, as follows: .

"Where income is derived from the manufacture or sale of tangible personal property, the portion thereof attributable to business within the state shall be taken to be such percentage of the total of such income as the tangible property and business within the state bear to the total tangible property and total business, the percentage of tangible property and of business being separately determined as hereinafter provided, and the two percentages averaged.

"For the purpose of the foregoing computation, the value of the tangible property shall be taken to be average value of the tangible property held and owned by the corporations in connection with such business during the year for which the income is returned, excluding any property the income of which is not taxable or separately allocated under the foregoing provisions of this act.

"The business of the corporation shall be measured by the amount which the corporation has paid out during the year for which the income is returned for wages, salaries, or other compensation to employees and for the purchase of goods, materials and supplies consumed or sold in the regular course of business, plus the amount of all receipts during the year from sales and other sources connected with said business, excluding however, receipts from the sale of capital assets and property not sold in the regular course of business and also receipts from interest, dividends, rents and royalties separately allocated as above provided.

"Accounts payable for compensation and purchases and accounts receivable from sales and other sources arising from business during the year, shall be included in the formula if the corporation's return is made on the accrued basis.

"For the purpose of this subdivision, payments of wages, salaries, and other compensation shall be assigned to the office, agency or place of business of the corporation at which the employee chiefly works, or from which he is sent out or with which he is chiefly connected.

"Payments for purchases shall be assigned to the office, agency or place of business of the corporation at or from which such purchases are chiefly handled and attended to with respect to the negotiation and execution.

"Receipts from sales and other sources shall be assigned to the office, agency, or place of business of the corporation at or from which the transactions giving rise to such receipts are chiefly handled and attended to with respect to the negotiation and execution.

"For the purposes of this section, the word 'sale' shall include all exchange, and the word 'manufacture' shall include the extraction and recovery of natural resources and all processes of fabricating and curing."

Section 8 of the act makes plain to our minds the intent of the Legislature in the enactment of this statute. It reads, as follows:

"If any corporation believes that the method of allocation and apportionment hereinbefore prescribed as administered by the tax commissioner and applied to their business has operated or will so operate as to subject them to taxation on a greater portion of their net income than is reasonably attributable to business or sources within the

state, they shall be entitled to file with the commissioner a statement of their objections and of such alternative method of allocation and apportionment as they believe to be proper under the circumstances with such detail and proof and within such time as the tax commissioner may reasonably prescribe; and if the tax commissioner shall conclude that the method of allocation and apportionment theretofore employed is in fact inapplicable and inequitable, he shall redetermine the taxable income of such other method of allocation and apportionment as seems best calculated to assign to the state for taxation the portion of the income reasonably attributable to business and sources within the state, not exceeding, however, the amount which would be arrived at by application of the statutory rules for apportionment."

The Standard Oil Company of Indiana, herein appellant, made return of its property for the purpose of income taxes for the year 1923, as follows:

"That for the year 1923 the plaintiff duly reported and filed with the tax commissioner of the state of North Dakota a report and statement of the business of the plaintiff in connection with the sale and distribution of its products within the state of North Dakota, this being plaintiff's interpretation of the application of chapter 312 of the Session Laws of North Dakota for the year 1923, and in said report plaintiff did include its entire gross income derived from the sale and distribution of its products and by-products both within and without the state of North Dakota, and deducted therefrom the expenses incurred in connection with said business and authorized as deductions from gross income under section nineteen of chapter 312 of the Session Laws of 1923, and reported a total net income derived from its business of selling and distributing petroleum products of twelve million, six hundred one thousand, five hundred fifty-seven and 27/100 dollars ($12,601,557.27); that in accordance with the provisions of section 7 of said act, the plaintiff company reported to the tax commissioner the total value of the tangible property of the plaintiff company engaged in the sale and distribution of its products, and the total value of the tangible property of the plaintiff company within North Dakota; that plaintiff company also reported to the tax commissioner the total of taxpayer's business, both within and without the state of North Dakota; that the ratio of plaintiff's tangible property used in the sale and distribution of its products was .035408; that the ratio of plaintiff's business in North Da-

kota as defined in said statute as compared with plaintiff's total business within and without said state, derived from and incurred in the sale and distribution of plaintiff's products, was .041857; that the average ratio of plaintiff's property and business in North Dakota, as compared with plaintiff's tangible property and business within and without North Dakota, used in the sale and distribution of its products, was reported by the plaintiff company to be .038633; that in filing its report with the tax commissioner, the plaintiff applied this decimal to its entire net income derived from the sale and distribution of the petroleum products, both within and without the state of North Dakota, and determined North Dakota's share of such income subject to tax to be four hundred eighty-six thousand, eight hundred thirty-five and 96/100 dollars ($486,835.96); to this plaintiff added the sum of $3,403.71, other income properly segregated to North Dakota under the provision of section 7 of chapter 312, Session Laws of 1923, making a total net income subject to tax of four hundred ninety thousand, two hundred thirty-nine and 67/100 dollars ($490,239.67); to this was applied the North Dakota rate of three per cent., resulting in a tax of fourteen thousand, seven hundred seven and 20/100 dollars ($14,707.20), which amount has been fully paid by said taxpayer."

Acting under the Tax Law of the state above quoted, as he understood it, the tax commissioner of the state, appellee herein, made an additional assessment against the oil company, based upon the allocation to that state of a portion of the income made by the oil company in the business of producing crude oil from the ground, and in the business of manufacturing and refining crude oil, although it neither produced a barrel of oil in the state of North Dakota nor did it refine any oil in that state. Thereupon, the oil company brought this suit to enjoin the collection of this additional tax laid upon its business of the production and refining of oil done in other states.

After full answer the case was tried on agreed facts and stipulation of the parties, and the trial court dismissed the bill for want of equity. The oil company appealed from this decree. The parties will be referred to as they stood on the record below.

The question presented for decision in this case is this: Does the law of the state of North Dakota require the plaintiff to pay taxes on its producing and refining oil business done altogether in states other than that state because of the fact it is engaged in the

business of marketing refined oils in that state? If the statutes of North Dakota do so require, are they constitutional and valid?

In the first place, we are of the opinion from a reading and consideration of the many cases controlling here, the Legislature of the state in enacting the statute above quoted did not intend to impose a tax on the property of the plaintiff company or its income arising from the doing of business other than the character of business done in the state of North Dakota, that is, selling oil in that state. Again, we are of the opinion if the law was intended to be so construed, it would render it unconstitutional and void.

There can be no question whatever but that any statute of a state which attempts to tax property located in another state is void and beyond the power of the state. Alpha Portland Cement Co. v. Massachusetts, 268 U. S. 203, 45 S. Ct. 477, 69 L. Ed. 916, 44 A. L. R. 1219; Wallace v. Hines, 253 U. S. 66, 40 S. Ct. 435, 64 L. Ed. 782; International Paper Co. v. Massachusetts, 246 U. S. 135, 38 S. Ct. 292, 62 L. Ed. 624, Ann. Cas. 1918C, 617; Looney v. Crane, 245 U. S. 178, 38 S. Ct. 85, 62 L. Ed. 230; Ludwig v. Western Union Telegraph Co.; 216 U. S. 146, 30 S. Ct. 280, 54 L. Ed. 423; Western Union Tel. Co. v. Kansas, 216 U. S. 1, 30 S. Ct. 190, 54 L. Ed. 355.

This position, we believe, is conceded by the state; but the contention here made by the state is this: The business of plaintiff may and should, for the purpose of taxation, be regarded as a unit in the production, transportation, refining and marketing of oil. From a reading and consideration of the many cases on the subject we are not of that opinion. In some cases the unit theory of taxation attempted to be here applied is all right and has been upheld by the Supreme Court of our country in such cases as Underwood Typewriter Co. v. Chamberlain, Treasurer of State of Conn., 254 U. S. 113, 41 S. Ct. 45, 65 L. Ed. 165, and in Adams Express Co. v. Ohio, 165 U. S. 194, 17 S. Ct. 305, 41 L. Ed. 683. In this last-named case, in declaring the unit rule of taxation is applicable, Mr. Chief Justice Fuller, in delivering the opinion for the court, said:

"We repeat that while the unity which exists may not be a physical unity, it is something more than a mere unity of ownership. It is a unity of use, not simply for the convenience or pecuniary profit of the owner, but existing in the very necessities of the case—resulting from the very nature of the business.

"The same party may own a manufacturing establishment in one state and a store in another, and may make profit by operating the two, but the work of each is separate. The value of the factory in itself is not conditioned on that of the store or vice versa, nor is the value of the goods manufactured and sold affected thereby. The connection between the two is merely accidental and growing out of the unity of ownership. But the property of an express company distributed through different states is as an essential condition of the business united in a single specific use. It constitutes but a single plant, made so by the very character and necessities of the business."

There is a unity of use of the different appliances and agencies employed by the express company, and on this ground the tax of Ohio was upheld; but the right of the plaintiff or any other corporation or citizen to engage in different character of business in different states, or in the same state, must be conceded. The plaintiff in this case is engaged in the production of crude oil in those states wherein crude oil is found. There is no crude oil discovered in the state of North Dakota. The plaintiff has also engaged in the manufacture or refining of crude oils in many states, but has not done so in the state of North Dakota. It has engaged in marketing refined oil alone in that state. On its properties within the state of North Dakota employed in the business of marketing oil, and on the income arising from the doing of that business within the state of North Dakota it may be there taxed by the state and the tax must be paid. On its business of producing and refining oil it should be taxed only by the state in which this production is found or refining done. In the manufacture or refining of crude oil in different states it must be taxed and pay its taxes within said states; others, not engaged in the production or refining of oils, engage in the marketing of refined oils in the state of North Dakota. It is conceded to be a very easy matter for the state to determine the market value of refined oils within its borders at any time and place, and on this, having ascertained the selling price, to determine the tax necessary to be paid.

As tending to the view of the case here taken, see the recent decision of this court in Fisher, State Treasurer of North Dakota, v. Standard Oil Co., 12 F.(2d) 744, opinion by Judge Lewis.

It follows the decree should be reversed, and case remanded, with directions to enter decree in favor of the plaintiff in accordance with this opinion.