WILSON, COUNTY COLLECTOR OF TAXES FOR THE COUNTY OF MARION, ET AL. *v.* ILLINOIS SOUTHERN RAILWAY COMPANY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ILLINOIS.

No. 131. Argued January 3, 1924.—Decided January 14, 1924.

1. When the jurisdiction of the District Court rests solely upon a claim under the Constitution, the merits are open upon a direct appeal to this Court. P. 576.
2. A railroad company, alleging that its property had been overvalued by a state board, erroneously and fraudulently, and out of all proportion to other property, sued the collectors of five counties, among which the assessment had been apportioned, to restrain them from proceeding in their respective county courts to collect the taxes. *Held,* that in view of the many suits involved and the insuperable difficulty of determining through them the proper amount and apportionment of the assessment, the plain-

tiff's remedy by defense of those proceedings was not an adequate remedy at law.   P. 576.

3. In a suit in the federal court to restrain collection of taxes upon the ground of fraudulent overassessment, a state statute authorizing review of assessments by appeal to a state court, but not clearly applicable where fraud is the ground, cannot be accepted as an adequate remedy ousting the equity jurisdiction.   P. 577.

Affirmed.

Appeal from a decree of the District Court enjoining collection of taxes.

*Mr. June C. Smith,* with whom *Mr. Frank F. Noleman, Mr. Andrew J. Dallstream, Mr. Charles F. Dew, Mr. Hugh V. Murray, Mr. H. H. House, Mr. Judson E. Harriss* and *Mr. Logan F. Hachman* were on the brief, for appellants.

*Mr. George B. Gillespie* for appellees.

Mr. Justice HOLMES delivered the opinion of the Court.

This is a bill in equity to restrain the collection of taxes for the years 1917, 1918, 1919 and 1920, upon the track and rolling stock then belonging to the Illinois Southern Railway Company.   It alleges that the property was erroneously and fraudulently overvalued, out of all proportion to the other taxable property in the State, and invokes the jurisdiction of the District Court on the ground that the Fourteenth Amendment of the Constitution is infringed. It alleges further that the sums that properly could have been charged have been paid, that if the additional amounts demanded could be recovered at all after payment it would be only by a multiplicity of suits against the taxing bodies of the several counties where the collections are made.   It is argued that, in any proceeding at law in these counties, it would be impossible to secure a uniform or any adequate readjustment of the total valu-

ation, which is made by a state board, and so that equity only can afford adequate relief. The bill prays that the defendants, who are the collectors for five counties, may be restrained from applying to their respective county courts for judgments under the summary proceedings provided by statute for the collection of taxes on real estate (Cahill, Ill. Stat. 1923, c. 120, § 191), and that the Court will determine the amounts, if any, remaining equitably due and unpaid. The defendants ultimately relied upon a motion to dismiss for want of equity. The District Court granted an injunction as prayed, and the case is here on the single question whether the plaintiffs had an adequate remedy at law. When the jurisdiction of the District Court rests solely upon a claim under the Constitution, the merits are open on a direct appeal to this Court. *Holder* v. *Aultman,* 169 U. S. 81, 88. *Northwestern Laundry* v. *Des Moines,* 239 U. S. 486, 491. *McMillan Contracting Co.* v. *Abernathy, ante,* 438.

The appellants rely mainly upon *Keokuk & Hamilton Bridge Co.* v. *Salm,* 258 U. S..122. In that case a bill charging fraudulent overvaluation was dismissed and the dismissal was affirmed by this Court on two grounds, that there was an adequate remedy at law and that the plaintiff had not tendered or offered to pay the amount confessedly due. The latter ground is absent here. As to the former it seems to us that the present case is to be distinguished. *Keokuk & Hamilton Bridge Co.* v. *Salm* arose upon an assessment of real estate by county assessors in a single county, as to which the remedies available were pointed out. Here the assessment was of property in five counties, by the State Board of Equalization for 1917 and 1918, and by its successor the State Tax Commission for the two later years. Assuming that in each of the counties before the tax could be collected a judgment must be obtained in the county court in a civil suit and that in such suits the defendants, the present plaintiffs,

could set up the facts here relied upon, as in the *Keokuk Co.'s Case*, not only would those suits be many, but there would be insuperable difficulty in determining what the proper assessment against the whole road should be and in apportioning the due share to the county concerned. This difficulty would recur in each of the five counties with not improbably different results in each. It seems to us that the right of full defence in those suits, if it exists, is not an adequate remedy at law. *Raymond* v. *Chicago Union Traction Co.*, 207 U. S. 20, 38–40. *Kirby* v. *Lake Shore & Michigan Southern R. R.*, 120 U. S. 130, 134.

We have stated what the appellants relied upon. Perhaps however it should be added that after the substitution of the State Tax Commission for the Board of Equalization, a provision was made for an appeal from the Commission to the Circuit Court of the County " for the purpose of having the lawfulness of such assessment inquired into and determined " upon a record of the evidence and proceedings before it prepared by the Commission, with a further appeal to the Supreme Court. The statute provides that the remedy by appeal shall not be construed to be exclusive. Cahill, Ill. Stat. 1923, c. 120, § 10, p. 2853. How far such an appeal would be adequate upon a charge of fraud against the Commission may be doubted, and the adequacy of a remedy at law must be clear. *Union Pacific R. R. Co.* v. *Weld County*, 247 U. S. 282, 285, 286.

*Decree affirmed.*