STEWART DRY GOODS CO. *v.* LEWIS ET AL.[1]

No. 27. Argued October 21, 1932.—Decided October 24, 1932.

[1] Together with No. 28, *Levy et al.* v. *Lewis et al.*, and No. 29, *J. C. Penney Co.* v. *Same,* both from the Western District of Kentucky, and No. 30, *Kroger Grocery & Baking Co.* v. *Same,* from the Eastern District.

*Mr. Robert S. Marx,* with whom *Messrs. John C. Doolan, Frank E. Wood, Harry Kasfir,* and *James W. Stites* were on the brief, for appellants.

*Mr. S. H. Brown,* Assistant Attorney General of Kentucky, with whom *Messrs. Bailey P. Wootton,* Attorney General, *Francis M. Burke,* Assistant Attorney General, and *Leslie W. Morris* were on the brief, for appellees.

PER CURIAM.

After interlocutory injunction had been granted, these cases went respectively to final hearing upon motions to dismiss the bills of complaint, and these were dismissed solely upon the ground that plaintiffs had an adequate remedy at law. The Court is of the opinion that the decision cannot be sustained merely upon the face of the

statute invoked (Kentucky Acts of 1930, c. 149, § 10) in view of the allegations of the bills of complaint that the only remedy provided is to obtain warrants upon the General Fund of the State in the hands of the State Treasurer to be paid if and when funds are available for the payment of such warrants in the usual and orderly course; that there are now outstanding many such warrants drawn by the Auditor of Public Accounts upon the General Fund in the hands of the State Treasurer, which have been outstanding since June, 1927, and cannot be collected by the owners or holders for lack of funds in the Treasury; and that there were at the time of the beginning of these suits outstanding warrants aggregating $9,880,502.76 drawn by the Auditor of Public Accounts upon the State Treasurer, presented for payment, but not paid for lack of funds. (See *State Budget Commn.* v. *Lebus,* 244 Ky. 700, 703, 714; 51 S. W. (2d) 965, as to warrants outstanding.)   Defendants' answers denied the above-mentioned allegations, but it does not appear that there has been a hearing upon evidence of the issue tendered and no findings of fact upon the subject have been made by the courts below.

The decrees are reversed and the causes remanded to the District Courts, of three judges, for final hearing upon the merits, without prejudice to a determination upon evidence with respect to the questions of the status of outstanding warrants upon the General Fund in the State Treasury, and whether warrants of the sort contemplated by § 10 of the Act in question are accorded preference in payment over other warrants, and the basis, if any, for the assurance that such preference will be continued so that in the event of actions by the plaintiffs at law under § 10 they would be afforded a certain, reasonably prompt and efficacious remedy.   *Davis* v. *Wakelee,* 156 U. S. 680, 688; *Atlantic Coast Line R. Co.* v. *Daughton,* 262 U. S. 413, 426.