## WASHBURN CROSBY CO. v. NEE.
### No. 2730.

District Court, W. D. Missouri, W. D.
July 31, 1935.

A. Z. Patterson and D. C. Chastain, both of Kansas City, Mo., for plaintiff.

Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., for defendant.

OTIS, District Judge.

The plaintiff seeks a temporary injunction restraining, until final hearing, the collection from it of the so-called processing tax. Whether a temporary injunction shall issue is the subject of this opinion.

There are three principles so well established by the decisions of the courts and so strongly supported by sound reasoning that no longer are they subjects of debate. The first is this: Every statute enacted by the Congress and approved by the President is presumed to be constitutional. The second is this: The courts will not declare a statute unconstitutional unless its invalidity under the Constitution is established beyond reasonable doubt. The third is this: Generally speaking, the courts will not enjoin the collection of any tax provided for by statute, although the statute is unconstitutional, if the taxpayer, having paid the tax, has the right to sue in a court of law to recover it from the government.

The chief reason for the presumption that a statute regularly enacted and ap-

proved is constitutional is the assumption that members of Congress, before they voted for it, and the chief executive, before he gave it his approval, carefully considered whether it was within the powers conferred on Congress by the Constitution. Members of Congress solemnly have sworn that they will support the Constitution, and the President solemnly has sworn that he will preserve, protect, and defend the Constitution. The courts have rejected as unthinkable the suggestion sometimes made that the President and Congressmen might disregard their oaths, that they might seek to shift from their shoulders to the shoulders of the judges the responsibility imposed thereby. Any such course not only is unthinkable; it would be quite as indefensible as that of a witness, sworn to tell the truth, who should commit perjury on the theory that the jury would perceive it and disregard it.

The chief reason for the second of the principles here stated, that the unconstitutionality of a statute must be established beyond reasonable doubt, lies in the respect which the judicial branch of government entertains and ought to entertain for the co-ordinate branches. It is not fitting that an act of the executive or national legislature should be invalidated save in a most clear case of usurpation of authority.

The chief reason for the third principle arises from the fact that no government can exist unless it can raise revenue for its maintenance and the performance of its proper functions. It is preferable to require the citizen to pay even an illegal tax, leaving him to the remedy of suing to recover what has been exacted, than to handicap the government in so vital a matter as the raising of necessary revenue by permitting citizens to prevent by injunction tax collections. This principle not only is expressed in the decisions, but is embodied in a statute which provides that "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U. S. C. § 154 (26 USCA § 154).

Having in mind these three elementary principles, I consider whether the temporary injunction prayed by the complainant against the enforcement of the so-called processing tax should be granted.

Two questions are presented: First, is the statute providing for this tax constitutional? Second, if it is unconstitutional, is this one of those most unusual cases in which a court of equity will interfere with the collection of a tax?

1. Several of the District Courts of the United States recently have ruled that the statute (Agricultural Adjustment Act, as amended, 7 USCA § 601 et seq.) providing for the processing tax does violate the Constitution. The Circuit Court of Appeals for the First Circuit reached the same conclusion in Butler et al. v. United States, 78 F.(2d) 1, decided July 13, 1935. I am not prepared to say that I agree with the conclusions reached by these courts.

Starting with the presumption that the statute is constitutional and bearing in mind the rule that a statute is not to be declared unconstitutional unless it so appears beyond any reasonable doubt, I cannot now go further than to say that very forceful arguments are advanced against the validity of this statute. They are entitled to serious consideration and call for such study and research as cannot be given in the few hours in which I am compelled to act. It is entirely possible that after research and study they will prevail against this statute. It is also possible that what now appears to be merit in these arguments will disappear when they have been subjected to the analysis they must receive.

2. Even if ultimately the conclusion shall be reached that this is an unconstitutional statute, it does not follow that the complainant will be entitled to a permanent injunction. Complainant still must circumvent the unquestionably valid prohibitory statute set out above. That statute, if it is construed literally, precludes any injunctive relief in any court against the collection of any tax. A minority of the Justices of the Supreme Court (Mr. Justice Stone and Mr. Justice Brandeis) said in Miller v. Standard Nut Margarine Co., 284 U. S. 498, 511, 52 S. Ct. 260, 264, 76 L. Ed. 422, that this statute does preclude the issuance of an injunction, "whatever the equities alleged." A majority of the court, however, said that the statute is to be so construed that, under extraordinary and special circumstances, its provisions are inapplicable; that, notwithstanding the statute, an action may be maintained to enjoin a collector of the revenue where there exist special and extraordinary circumstances to bring the case within some acknowledged head of equity jurisprudence. This court, of course, is bound by the construction of the statute placed upon it by the majority of the Supreme Court, however

clearly it may appear that the statute is not ambiguous and makes no exceptions.

Whatever other exceptions the interpretation given the prohibitory statute by the Supreme Court may include, certainly it does include any complete denial to a taxpayer of the right to sue to recover an unlawful tax exacted from, and paid by, him. If it were now the law that the complainant, having paid the processing tax levied against it, could not sue in the courts of the United States for a recovery of the amount so paid upon the theory that it was exacted under an unconstitutional statute, there could be no hesitancy in ruling that the case is within an exception to the prohibitory statute. If all remedy at law is denied a taxpayer, then certainly he cannot be denied relief in equity on the ground that he has an adequate legal remedy. He has no remedy at all.

■ It is not suggested, however, that in the present state of the law the complainant cannot, if it pays the tax assessed, sue to recover. In the present state of the law, it can sue to recover, and, if it does sue and does obtain a judgment, the presumption is that its judgment will be paid, whether or not money already has been appropriated for that purpose. No such assumption as yet may be indulged as that the United States will repudiate its debts or refuse to pay judgments lawfully obtained against it in its courts.

■ But it is said that Congress is about to pass a law, and that the President will approve it, whereunder the doors of the courts of justice will be closed to those whose money and property unlawfully have been taken. With humiliation it must be confessed that there is basis for this apprehension. It is true that the sovereign may not be sued without the sovereign's consent, and, while a just and righteous sovereign never will deny that consent to its citizens, it is yet possible for it to do so. Shortly, no doubt, we shall know whether such a step is to be taken in this republic.

3. The conclusion I have reached is that a temporary injunction should issue in this case, to continue in effect until the case has been heard on its merits. The case is set for trial upon the merits on Tuesday, September 10, 1935. The temporary injunction will issue for the purpose of allowing time to the court properly to consider the constitutional question involved in the case and to ascertain whether a taxpayer's present right to sue at law to recover taxes illegally exacted from him will be taken away by Congress. A condition, however, of the issuance of the temporary injunction is that the complainant shall deposit with the clerk of this court all taxes which have been demanded of it by the collector, or will be demanded of it by the collector before the decision of the case upon its merits, plus a sufficient amount to defray the costs required by statute to be collected by the clerk out of any sums deposited in the registry of the court. Counsel will submit an appropriate decree.