**NEILD MFG. CORPORATION v. HASSETT,**
and three other cases.

Nos. 4152–4154, 4156.

District Court, D. Massachusetts.
Aug. 2, 1935.

B. Loring Young, Charles B. Rugg, and Ropes, Gray, Boyden & Perkins, all of Boston, Mass., for plaintiffs.

Francis J. W. Ford, U. S. Atty., and Joseph J. Hurley, Asst. U. S. Atty., both of Boston, Mass., for defendants.

BREWSTER, District Judge.

In these suits in equity plaintiffs seek injunctions restraining the defendant, as collector of internal revenue in this district, from collecting processing taxes levied under the authority of the Agricultural Adjustment Act (48 Stat. 31, as amended [7 USCA § 601 et seq.]). Plaintiffs also ask for a declaratory decree, under the Federal Declaratory Judgments Act (48 Stat. 955, 28 USCA § 400) to the effect that the processing tax is illegal and unconstitutional. By amendment Welch is made defendant in Nos. 4152 and 4153.

The bills of complaint are similar in their essential allegations. In each, plaintiff alleges the imposition of the tax, the threatened proceeding by the collector to collect it, the liability of heavy criminal penalties if relief is not granted, and the grounds upon which the claim of illegality is based. Each sets forth pending legislation which, if enacted, will withdraw from plaintiffs the privileges, which taxpayers have heretofore enjoyed, of resorting to the courts for the recovery of taxes illegally exacted.

This proposed legislation, already enacted by the House of Representatives, is an amendment to the A.A.A. adding section 21, as revised by the Senate Committee on Agriculture and Forestry. The amendment takes from the federal and state courts all jurisdiction to entertain any suit

or proceeding against the United States or any collector of internal revenue for the recovery of any processing tax paid or accrued prior to date of the adoption of the act, with certain exceptions not now material.

Defendant filed motions to dismiss, asserting that this court is without jurisdiction to entertain the suits since the plaintiffs have a complete and adequate remedy at law, and that the cases fall within the inhibitions of R. S. § 3224 (derived from 14 Stat. 475), 26 USCA § 154. He further asserts that the Federal Declaratory Judgments Act has no application.

■ Since the hearing, the Circuit Court of Appeals for this circuit has sent down its opinion in the Hoosac Mills Case (Butler et al. v. United States, 78 F.(2d) 1, decided July 13, 1935), declaring the tax unconstitutional. Until and unless reversed by the Supreme Court, this court is bound to accept the decision as decisive on the question of constitutionality of the act.

Defendant contended that, notwithstanding an adverse decision in the Hoosac Mills Case, the plaintiffs' bills should be dismissed. He relies upon two equitable principles, long established, which have found expression in two statutes. The earliest (28 USCA § 384) provides that, "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

■ This statute applies to proceedings to enjoin the collection of taxes predicated upon the ground that they are illegal or unconstitutional unless it is also made to appear "that the enforcement of the tax would cause irreparable injury, or that there are other special circumstances bringing the case under some recognized head of equity jurisdiction. * * *" Henrietta Mills v. Rutherford County, 281 U. S. 121, 124, 50 S. Ct. 270, 271, 74 L. Ed. 737.

■ Uncertainty respecting the ability of the taxpayer to satisfy his claim if he pursued his remedy at law has been deemed sufficient to bring the case within the equity jurisdiction. Stewart Dry Goods Co. v. Lewis, 287 U. S. 9, 53 S. Ct. 68, 77 L. Ed. 135. Compare Wilson v. Illinois Southern R. Co., 263 U. S. 574, 44 S. Ct. 203, 68 L. Ed. 456; Atlantic Coast Line R. Co. v. Doughton, 262 U. S. 413, 43 S. Ct. 620, 67 L. Ed. 1051.

The instant cases fall squarely within the principle of the above cases. Pending legislation renders exceedingly doubtful the ultimate recovery of an illegally exacted tax.

The later statute relied upon is R. S. § 3224 (26 USCA § 154), providing that, "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

■ This statute is merely declaratory of the law which denied the right to restrain collection of taxes on the sole ground of illegality, but it does not abrogate the recognized exception to the rule. It has not prevented equity courts from granting injunctive relief when special or extraordinary circumstances were shown. Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422; Id., 284 U. S. 603, 52 S. Ct. 23, 76 L. Ed. 517; Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822.

■ I cannot assent to the argument that the plaintiffs must allege that the payment of the tax bill will seriously imperil their existence. An irreparable injury is universally considered to be one that is incapable of being repaired. If an illegal tax cannot be recovered after payment of it, the compulsory exaction works a wrong that cannot be repaired. It may be true, as defendant urges, that when the suits were brought the statutes then in force afforded relief in law, but this remedy was neither plain, adequate, or complete. Before suit could be brought, a claim for refund had to be made and a period of time elapse. The allegations of the bills warrant the conclusion that plaintiffs' legal remedy will be swept away before they can resort to it.

In Union Pacific R. Co. v. Board of Commissioners of Weld County, 247 U. S. 282, 285, 38 S. Ct. 510, 512, 62 L. Ed. 1110, the court stated that if "the continued existence of the right originally conferred on the taxpayer is involved in uncertainty, an essential element of the requisite remedy at law is wanting. * * *" That the situation presented by the allegations in plaintiffs' bills is extraordinary and exceptional can hardly be doubted. I attach considerable importance to the almost unanimous action in other jurisdictions where injunctions against the collection of the processing tax have been granted, due to the threatened loss of rights to redress inherent in the pending amendments to the

A.A.A. See Gold Medal Foods, Inc., v. Landy, 11 F. Supp. 65, decided July 11, 1935. In that case Judges Molyneaux, Nordbye, and Joyce of the District Court for the District of Minnesota joined in a memorandum denying motions to dismiss. With the results reached and the views expressed in that memorandum I concur. I also will follow them in leaving all issues raised respecting a declaratory decree to await the hearing on the merits.

Defendant's motion to dismiss in each of the above suits is denied.