**BALTIC MILLS CO. v. BITGOOD, Acting Collector of Internal Revenue.**

**POWDRELL & ALEXANDER, Inc., v. SAME.**

Nos. 2475, 2476.

District Court, D. Connecticut.

Aug. 28, 1935.

J. Harold Williams, of Gross, Hyde & Williams, of Hartford, Conn., Hinckley, Allen, Tillinghast & Wheeler, of Providence, R. I. (Arthur M. Allen, Hayward T. Parsons, and Noel M. Field, all of Providence, R. I., of counsel), for Baltic Mills Co.

Sabin S. Russell, of Danielson, Conn., for Powdrell & Alexander, Inc.

Robert P. Butler, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., and James E. Murphy, Department of Justice, Washington, D. C., for Collector of Internal Revenue.

HINCKS, District Judge.

These bills each allege that the plaintiff is a processor within the definitions of the Agricultural Adjustment Act, hereinafter referred to as the AAA, 7 USCA § 601 et seq., and the Regulations issued by the Commissioner of Internal Revenue and approved by the Secretary of the Treasury; that notwithstanding the unconstitutionality of the AAA, the defendant will assess and collect by summary proceedings, or otherwise, processing taxes imposed upon the plaintiffs under the provisions of the AAA; that unless plaintiffs pay said taxes when due (in Equity 2475 the next tax becomes payable on August 29, 1935, and in Equity 2476, counsel state a warrant of distraint has already issued), the plaintiffs and their corporate officers will be subject to heavy penalties; and that the payment or collection of said taxes thus illegally exacted will cause the plaintiffs irreparable injury, in that they are without an adequate remedy at law for the recovery of said taxes.

Both cases are now before the court upon plaintiffs' petitions for preliminary injunctions restraining the collection of said taxes, etc., pending final hearing, and in the meantime in each case, the plaintiff has offered to secure the government by payment into the registry of the court of all sums which became due under the terms of the AAA. Since in both cases the issues now before the court are identical, a single opinion will suffice.

The government opposes the issuance of injunctions upon the ground that the court is without power, especially in view of the provisions of Rev. St. § 3224, 26 USCA § 154 (26 USCA § 1543), to grant even temporary injunctive relief in such cases. But Rev. St. § 3224, upon which the government relies does not preclude injunctive relief where there are "special and extraordinary circumstances" showing that there is no adequate and complete remedy at law. Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422.

It is, therefore, necessary to ascertain whether such a remedy exists here. As to this, the government makes no question but that the only remedy at law now available is that alleged in the bills and found in a very recent act of Congress.

It is the act, amendatory of the AAA, originating from H. R. 8492, 74th Cong. 1st Sess. At the hearing herein, held on August 27th, counsel for the government informed the court that this amendatory act had been approved by the President on August 24, 1935. I will refer to it hereafter as the amendment. Paragraph (d) (1), (2), and (3), incorporated into this amendment in lieu of the original Senate amendment numbered 114 (see H. R. report 1757, page 10) reads:

"(d) (1) No recovery, recoupment, set-off, refund, or credit shall be made or allowed of, nor shall any counter claim be allowed for, any amount of any tax, penalty, or interest which accrued before, on, or after the date of the adoption of this amendment [August 24, 1935], under this title [chapter] (including any overpayment of such tax), unless, after a claim has been duly filed, it shall be established, in addition to all other facts required to be established, to the satisfaction of the Commissioner of Internal Revenue, and the Commissioner shall find and declare of record, after due notice by the Commissioner to such claimant and opportunity for hearing, that neither the claimant nor any person directly or indirectly under his control or having control over him, has, directly or indirectly, included such amount in the price of the article with respect to which it was imposed or of any article processed from the commodity with respect to which it was imposed, or passed on any part of such amount to the vendee or to any other person in any manner, or included any part of such amount in the charge or fee for processing, and that the price paid by the claimant or such person was not reduced by any part of such amount. In any judicial proceeding relating to such claim, a transcript of the hearing before the Commissioner shall be duly certified and filed as the record in the case and shall be so considered by the court. The provisions of this subsection shall not apply to any refund or credit authorized by subsection (a) or (c) of section 15, section 16, or section 17 [section 615, section 616, or section 617] of this title, or to any refund or credit to the processor of any tax paid by him with respect to the provisions of section 317 of the Tariff Act of 1930 [section 1317 of Title 19].

"(2) In the event that any tax imposed by this title [chapter] is finally held invalid by reason of any provision of the Constitution, or is finally held invalid by reason of the Secretary of Agriculture's exercise or failure to exercise any power conferred on him under this title [chapter], there shall be refunded or credited to any person (not a processor or other person who paid the tax) who would have been entitled to a refund or credit pursuant to the provisions of subsections (a) and (b) of section 16 [section 616 of this title], had the tax terminated by proclamation pursuant to the provisions of section 13 [section 613 of this title], and in lieu thereof, a sum in an amount equivalent to the amount to which such person would have been entitled had the Act been valid and had the tax with respect to the particular commodity terminated immediately prior to the effective date of such holding of invalidity, subject, however, to the following condition: Such claimant shall establish to the satisfaction of the Commissioner, and the Commissioner shall find and declare of record, after due notice by the Commissioner to the claimant and opportunity for hearing, that the amount of the tax paid upon the processing of the commodity used in the floor stocks with respect to which the claim is made was included by the processor or other person who paid the tax in the price of such stocks (or of the material from which such stocks were made). In any judicial proceeding relating to such claim, a transcript of the hearing before the Commissioner shall be duly certified and filed as the record in the case and shall be so considered by the court. Notwithstanding any other provision of law: (1) no suit or proceeding for the recovery,

recoupment, set-off, refund or credit of any tax imposed by this title [chapter], or of any penalty or interest, which is based upon the invalidity of such tax by reason of. any provision of the Constitution or by reason of the Secretary of Agriculture's exercise or failure to exercise any power conferred on him under this title [chapter], shall be maintained in any court, unless prior to the expiration of six months after the date on which such tax imposed by this title [chapter] has been finally held invalid a claim therefor (conforming to such regulations as the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, may prescribe) is filed by the person entitled thereto; (2) no such suit or proceeding shall be begun before the expiration of one year from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after such disallowance notify the taxpayer thereof by mail.·

"(3) The District Courts of the United States shall have jurisdiction of cases to which this subsection applies, regardless of the amount in controversy, if such courts would have had jurisdiction of such cases but for limitations under the Judicial Code, as amended, on jurisdiction of such courts based upon the amount in controversy." Agricultural Adjustment Act § 21 (d), as added by Act Aug. 24, 1935, c: 641, § 30, 7 USCA § 623 (d).

At the outset it will be observed that for purposes of the present petition, the government does not question the plaintiff's claim that the AAA is unconstitutional as declared by the Circuit Court of Appeals for the First Circuit.   Butler v. U. S., 78 F.(2d) 1.  The decision upon that phase of the plaintiff's claim must await the hearing on the merits.   Nor is any question now raised as to the power of Congress to pass such an act as this amendment, or as to its inherent justice or wisdom.   The single issue now present is whether, as viewed by a court of equity, the amendment affords the plaintiff an adequate remedy at law.

Turning, then, to the text of the amendment, I notice particularly that the plaintiff's right at law to recover these taxes if paid is made to depend upon proof "to the satisfaction of the Commissioner of Internal Revenue" that they have neither "directly or indirectly, · included such amount in the price of the article with respect to which it was imposed or of any article processed from the commodity with respect to which it was imposed, or passed° on any part of such amount to the vendee or to any other person in any manner." etc. Whether a court of equity should hold a right of recovery thus limited to ·be an "adequate" remedy at law is a matter, so far as counsel can inform me, never ·precisely adjudicated.

The question at once will arise as to how a plaintiff seeking recovery of a tax illegally exacted of him can establish that he did not pass it on to his vendee.   The original authority for such taxes was by act approved May 12, 1933, 48 Stat. 35, § 9 (see 7 USCA § 609).   Obviously, a comparison of prices obtaining prior to the original imposition of the tax with the prices obtained in sales made two years later will not show whether a claimant under the amendment had absorbed the tax or passed it on.   Clearly, in recovery proceedings, neither the commissioner in the first instance nor the court at a later stage will be bound by what the parties to a sale said or understood with reference to the incidence of the tax.   For the amendment, by its terms, is concerned not with intentions or understandings, but rather by acts and their economic effects.   Nor am I able to find in the amendment any suggestion as to whether the incidence of tax is to be determined by the costs of the processor.

If, under the amendment, a processor seeking a recovery must, in order to establish that he did not pass on the tax, show that his sales were without profit, the amendment affords no remedy at all to processors who sell at a profit.  If, on the other hand, a processor through sales at a legitimate profit opens himself to a sus-. picion that he has passed on the tax, he will be wholly without evidence to prove the contrary.   In short, a processor who sells for the best price he can obtain will not know and cannot know himself whether he has absorbed the tax or passed it on. It is thus apparent that the remedy afforded by the amendment is uncertain. Assume, as the amendment implies, that a processor can absorb the tax, and thus qualify as a meritorious claimant under the

amendment. He is as helpless as his competitor who has passed the tax along, to prove his case.

Moreover, the remedy afforded by the amendment is cumbersome, involving a multiplicity of issues. To be sure, I should suppose that a claimant under the amendment would not be precluded in a single proceeding from seeking recovery of taxes accruing in monthly succession. But in order to bring himself within the limitations of the amendment discussed above, he must prove the sale price of each "article processed from the commodity with respect to which" the tax was imposed; and with respect to each such sale, he must locate by proof the incidence of the tax. And if the processor in the course of his manufacture commingles some of the processed material with other nontaxable material, after a sale of the articles thus manufactured, he will be confronted with further complications in proving the incidence of the tax. In this connection, it must be observed that in U. S. v. Jefferson Electric Mfg. Co., 291 U. S. 386, 54 S. Ct. 443, 78 L. Ed. 859, the taxes involved were excise taxes which by nature differ materially from "taxes" contemplated by the AAA. Moreover, in the "recovery" statute under consideration in that case, Revenue Act 1928, § 424, 45 Stat. 866, express provision was made for the substitution of a bond in lieu of proof 'that the claimant had himself borne the burden of the tax—a provision wholly absent from this amendment.

■ The plaintiffs' only remedy at law being subject to the limitation (among others) commented upon above, well-established principles require that equity should extend, at best temporarily, injunctive relief. Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422; Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822; Lee v. Bickell, 292 U. S. 415, 54 S. Ct. 727, 78 L. Ed. 1337; Atlantic Coast Line R. Co. v. Doughton, Commissioner, 262 U. S. 413, 43 S. Ct. 620, 67 L. Ed. 1051; Wallace v. Hines, 253 U. S. 66, 40 S. Ct. 435, 64 L. Ed. 782; Union Pacific R. R. Co. v. Board of Com'rs of Weld County, 247 U. S. 282, 38 S. Ct. 510, 62 L. Ed. 1110; Stewart Dry Goods Co. v. Lewis, 287 U. S. 9, 53 S. Ct. 68, 77 L. Ed. 135; Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 65.

The principal cases relied upon by the government are distinguishable. None goes so far as to hold that equity will consider as adequate a remedy at law which is subject to such drastic limitations as those imposed by this amendment. See Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816.

The case of U. S. v. Jefferson Electric Manufacturing Co., supra, to be sure, holds that a limitation upon the recovery of an excise tax somewhat similar to the limitation of the amendment here involved, is not unconstitutional.

But it does not intimate that the mere existence of a right of recovery thus limited should stay the hand of equity in enjoining the enforcement of exactions the validity of which has come into serious question.

Orders of injunction in each case may issue, in the form heretofore submitted.