## MERCHANTS PACKING CO. v. ROGAN et al., and seven other cases.

### Nos. 7978–7985.

Circuit Court of Appeals, Ninth Circuit.

Sept. 24, 1935.

Claude I. Parker, Ralph W. Smith, and J. Everett Blum, all of Los Angeles, Cal., for appellants Merchants Packing Co., Max Goldring, and United Dressed Beef Co.

Joseph Smith and George M. Breslin, both of Los Angeles, Cal., for appellants Luer Packing Co. and Standard Packing Co.

Benj. W. Shipman, of Los Angeles, Cal., for appellant Union Packing Co.

J. C. Macfarland and Gibson, Dunn & Crutcher, all of Los Angeles, Cal. (Ira C. Powers, of Los Angeles, Cal., of counsel), for appellant Armour & Co.

W. Torrence Stockman, of Los Angeles, Cal., for appellant Cornelius Brothers.

Peirson M. Hall, U. S. Atty., and Clyde Thomas, Asst. U. S. Atty., both of Los Angeles, Cal., for appellees.

Brobeck, Phleger & Harrison and Gregory Harrison, all of San Francisco, Cal., amici curiæ.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

PER CURIAM.

In these cases the trial court granted a temporary injunction, and after our decision in the Fisher Flouring Mills Cases, 78 F.(2d) 889, involving the processing tax on flour, vacated the injunction and denied an application for a supersedeas pending appeal by the following order: "That, in view of the action had and taken by the United States Circuit Court of Appeals for the Ninth Circuit in the matter of petitions submitted to it for injunction pending appeal in matters involving processing taxes under the act of Congress popularly known as Agricultural Adjustment Act [7 USCA § 601 et seq.], it is the expression of this court that any relief in the form of supersedeas, whereby the temporary injunction heretofore granted and dissolved by the or-

der appealed from, be restored to full force and effect during the pendency of the appeal, should be pursued by the plaintiff in the form of an application for an injunction pending appeal to be presented to said United States Circuit Court of Appeals for the Ninth Circuit if the plaintiff wishes to secure such relief."

An appeal was taken from the order vacating the temporary injunction and is now pending. The appellants have applied for a writ of supersedeas in some of these cases and for an injunction pending appeal in others. Unless these applications are granted the appeal from the order effecting the temporary injunction will be ineffective.

The respondents rely upon our decision in the Fisher Flouring Mills Cases. In those cases the trial court had denied an injunction and an application was made to this court for such an injunction pending the appeal. The situation is changed by amendment to the law affecting the remedy of a taxpayer to recover an invalid tax. The facts alleged also are different from those involved in the Fisher Flouring Mills Cases. The questions involved are substantial and the matter should be determined upon the merits of the appeal from the order.

Supersedeas and injunction granted.

DENMAN, Circuit Judge (concurring).

I agree with the opinion so far as its reasoning is based on a change in the tax legislation. I cannot agree that there is any distinction between these cases and the Fisher Flouring Mills Cases because in the Fisher Cases the District Court denied the temporary injunction, whereas in the present cases it was at first granted and later set aside. I am of the opinion that where a petition for a temporary injunction or supersedeas is addressed to this court, as in the Fisher Flouring Mills Cases and the present cases, for the purpose of preventing temporarily the collection of a tax which if collected would frustrate the consideration on the appeal proper of the merits of the claim for final injunctive relief, it is a matter of indifference whether a temporary injunction has or has not been denied by the District Court. To hold otherwise would make the trial court the court of final resort on the right to final injunctive relief in every case where it chooses *not to restrain a single act which is about to be performed and will be performed prior to the hearing of the appeal. Upon a*

showing that the act has been performed, there is nothing left to enjoin, and the injunctive features of the appeal must be dismissed.

The statute presented to both lower courts the same questions of multiplicity of monthly refund claims and suits thereon, and indecision of the processors in their business of purchasing and selling their raw material and products described in my dissent in the Fisher Cases. The question of right to temporary or preliminary relief is the same for each court. To hold that it is a mere matter of discretion in each lower court to be sustained by us as such would be to justify the unfortunate result of denying the flour processors access to this court and granting it to the hog processors because of the differing views of the law of a Washington and a California district judge in construing the same statute.