**KROGER GROCERY & BAKING CO. et al.**
**v. MARTIN et al.**

**No. 7507.**

Circuit Court of Appeals, Sixth Circuit.

June 9, 1938.

Harry Kasfir, of Cincinnati, Ohio (Nichols, Morrill, Wood, Marx & Ginter, of Cincinnati, Ohio, and Trabue, Doolan, Helm & Helm, of Louisville, Ky., on the brief), for appellants.

A. E. Funk, of Frankfort, Ky. (Hubert Meredith, of Greenville, Ky., and A. E. Funk, of Frankfort, Ky., on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The sole controversy involved in the present appeals relates to the refusal of the court to tax as costs to the successful plaintiff and interveners therein the premiums and expenses for bonds deposited as a condition to the continuance of a temporary restraining order.

The plaintiffs challenged the validity of the Kentucky Gross Sales Tax Act, Acts Ky.1930, c. 149, and sought injunction to restrain its enforcement. A three judge court held the legal remedy adequate, but was reversed, Stewart Dry Goods Co. v. Lewis et al., 287 U.S. 9, 53 S.Ct. 68, 77 L.Ed. 135. Upon remand the petition was dismissed. D.C., 7 F.Supp. 438, 8 F.Supp. 396. This decision was also reversed. 294 U.S. 550, 55 S.Ct. 525, 79 L.Ed. 1054. Upon the second hearing in the District

Court, wherein the bill was dismissed, the decree provided that the temporary restraining order might be continued in force as to each complaining taxpayer pending appeal, provided that the taxpayer within thirty days from the entry of the decree would execute such bond or make such deposit of money or securities as might reasonably be necessary to secure the commonwealth of Kentucky against losses of its taxes, interest, court costs, and other proper charges that might become due from such taxpayer under the assailed statute in the event that its validity should be finally established. The appellants availed themselves of the option granted them by the decree and furnished surety company bonds instead of making a deposit of money or securities. Upon reversal and the entry of a decree below in response to the mandate of the Supreme Court, they sought to include as part of their taxable costs the amount expended as premiums for the bonds.

The taxation of surety bond premiums as part of the taxable costs to the prevailing parties has been sustained, but only upon the ground that it was sanctioned by custom and usage in the circuit where taxed. Newton v. Consolidated Gas Co., 265 U.S. 78, 84, 44 S.Ct. 481, 483, 68 L.Ed. 909. The Second Circuit had followed such usage for many years. In this circuit premiums have not been included in taxable costs, Lee Injector Co. v. Penberthy Injector Co., 6 Cir., 109 F. 964. The Governor Ames, 1 Cir., 187 F. 40, 48; The Texas, 3 Cir., 226 F. 897, 905; Parkerson v. Borst, 5 Cir., 256 F. 827, are in accord, though in The Texas, supra, it was thought that a rule of practice to tax such premiums as part of the costs had become desirable. In a recent controversy as to costs growing out of United States Rubber Co. v. Firestone Tire & Rubber Co., 6 Cir., 79 F.2d 948, we declined in an unreported decision to include premiums or to direct the District Court to include them as part of the taxable costs. It was then thought that the growing practice of requiring surety bonds on appeal, as a condition to the granting of restraining orders and injunctions, and for other purposes, might well lead in this circuit to the adoption of a rule permitting premiums to be taxed as costs, but it was also thought that fairness to litigants required that if the practice be changed it should be by rule of court prospectively applied rather than by an innovation in behalf of a particular litigant. In view of former usage in

that respect, and the present absence of such rule, the orders below are

Affirmed.