### WILKES BARRE LACE MFG. CO. v. MUNDY, Collector of Internal Revenue.

#### No. 3780.

District Court, M. D. Pennsylvania.

Feb. 28, 1936.

H. R. Van Deusen, of Scranton, Pa., for plaintiff.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for defendant.

WATSON, District Judge.

In this case the plaintiff sued the Collector of Internal Revenue, hereafter in this opinion called collector, for the recovery of the sum of $119,959.69, which the plaintiff claims it paid to the collector as processing and floor taxes under the Agricultural Adjustment Act (see 7 U.S.C.A. § 601 et seq.).

The collector demurred to the plaintiff's statement of claim, in which he challenges this court's jurisdiction to try the action, as the plaintiff has failed to submit proofs to the Commissioner of Internal Revenue under section 21 (d) (1) of the amendatory Act of August 24, 1935 (7 U.S.C.A. § 623 (d) (1).

By section 21 (d) (1), Congress intended to protect the government against recoupment by a claimant who passed on any part of the tax to a vendee, or to any other person in any manner. In furtherance of such protection, Congress by this same section placed upon the claimant the burden of establishing the fact that no part of the tax had been passed on and validated as proof in judicial proceedings relating to such a claim the transcript of the hearing before the Commissioner.

The contention of the Commissioner is that: "The effect of this section, as a matter of law, is to deprive the Court of jurisdiction where the plaintiff, as in this case, has failed to submit his proof to the Commissioner of Internal Revenue on the question of whether the plaintiff has borne the burden of the tax, to wit, that he has neither directly nor indirectly included such amount in the price of the article with respect to which it was imposed or of any article processed from the commodity with respect to which it was imposed, or passed on any part of such amount to the vendee or to any other person in any manner, or included any part of such amount in the charge or fee for processing, and that the price paid by the claimant or such person was not reduced by any part of such amount."

The jurisdiction of this court was fixed August 3, 1935, when this action was commenced, and before the passage by Congress of the amendatory Act. No intention that the law was to have a retrospective operation is evidenced in the law, and, therefore, it must be presumed that section 21 (d) (1) was enacted for the future and not for the past. The rule of statutory construction, that statutes are not to be given retroactive operations unless their language clearly compels such construction, controls here. White v. U. S., 191 U.S. 545, 24 S.Ct. 171, 48 L.Ed. 295. The Supreme Court said, in Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 392, 66 L.Ed. 747, 26 A.L.R. 1454, "The initial admonition is that laws are not to be considered as applying to cases which arose before their passage unless that intention be clearly declared." The collector contends, however, that this is a procedural statute, and that such legislation affects pending litigation. I cannot agree that this is a procedural act in the true sense of the definition of practice and procedural legislation. Its effect is deadly to the pending action. I must reject its retroactive operation, and it is, therefore, unnecessary to pass upon its constitutionality.

The intention of Congress as expressed need not be ignored. This court may take into consideration the fact as to whether a claimant, who has not borne the so-called tax because he has placed it in the selling

price of the commodity and has compelled the buying public to bear it, is entitled to recoup it; or, whether, having so passed it on, he shall not be considered as having made an "equitable assignment" of it to the vendee, and, not being the owner of it at the time the suit was commenced, he is not entitled to recover it. This issue can be raised in an affidavit of defense by the collector, and, if so raised, may be adjudicated in its proper order.

Now, February 28, 1936, the questions of law raised by defendant's affidavit of defense are decided against the defendant, and the defendant is allowed 15 days from this date in which to file a supplemental affidavit of defense to the averments of fact to the plaintiff's statement of claim.