**EDWIN CIGAR CO., Inc., et al. v. HIGGINS.**

District Court, S. D. New York.
May 19, 1936.

Bennett E. Siegelstein, of New York City, for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Edward J. Ennis and William F. Young, both of New York City, of counsel), for defendant.

HULBERT, District Judge.

Plaintiffs sue for the recovery of processing taxes paid pursuant to assessment under the Agricultural Adjustment Act 1933 (see 7 U.S.C.A. § 601 et seq.).

The complaint, which was filed February 27, 1936, appears to be based on Revised Statutes, § 3226 (title 26 U.S.C.A. §§ 1672–1673), and alleges: That the taxes in question were assessed by the Secretary of Agriculture on the manufacture or processing of tobacco; that they were paid to the defendant, both assessment and payment having been prior to August 1, 1935; that because of the nature of the business, the plaintiffs were unable to pass the tax on to the consumer but have absorbed it themselves; that it has been decided by the Supreme Court (United States of America v. Butler [Jan. 6, 1936] 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. ——, 102 A.L.R. 914) that the Congress was without power to impose the form of taxation provided in said Agricultural Adjustment Act and that the assessment and collection of taxes thereunder was and is illegal, unconstitutional, null, and void; that the Supreme Court made a similar decision affecting the amendment of August 24, 1935, 7 U.S.C.A. § 601 et seq. (Rickert Rice Mills, Inc. v. Fontenot [Jan. 13, 1936] 297 U.S. 110, 56 S.Ct. 374, 375, 80 L.Ed. ——); that, because of these decisions, the plaintiffs were entitled to the return of the amounts paid as taxes; that, prior to the institution of this action, plaintiffs duly filed with defendant a claim for refund, as provided by law; that said claim was totally rejected by the defendant; and that the time required by law, to elapse after the rejection of the claim, has expired and plaintiffs are entitled to a judgment for the refund claimed.

Defendant, before answer, moves to dismiss the complaint solely on the ground that the plaintiffs have not alleged compliance with section 21 (d) (1) of the Agricultural Adjustment Act as added August 24, 1935 (title 7 U.S.C.A. § 623 (d) (1). This section provides: "No recovery, recoupment, set-off, refund, or credit shall be made or allowed of, nor shall any counter claim be allowed for, any amount of any tax, penalty, or interest which accrued before, on, or after August 24, 1935, under this chapter (including any overpayment of such tax), unless, after a claim has been duly filed, it shall be established, in addition to all other facts required to be established, to the satisfaction of the Commissioner of Internal Revenue, and the Commissioner shall find and declare of record, after due notice by the Commissioner to such claimant and opportunity for hearing, that neither the claimant nor any person directly or indirectly under his control or having control over him, has, directly or indirectly, included such amount in the price of the article with respect to which it was imposed or of any article processed from the commodity with respect to which it was imposed, or passed on any part of such amount to the vendee or to any other person in any manner, or included any part of such amount in the charge or fee for processing, and that the price paid by the claimant or such person was not reduced by any part of such amount. In any judicial proceeding relating to such claim, a transcript of the hearing before the Commissioner shall be duly certified and filed as the record in the case and shall be so considered by the court. The provisions of this subsection shall not apply to any refund or credit authorized by subsection (a) or (c) of section 615, section 616, or section 617 of this title, or to any refund or credit to the processor of any tax paid by him with respect to the provisions of section 1317 of Title 19."

Plaintiffs contend that in the Butler Case, supra, and the Rickert Case, supra, it has already been held that section 21 (d) (1) is unconstitutional, but Judge Roberts

in the Rickert Case said: "We have no occasion to discuss or decide whether section 21 (d) affords an adequate remedy at law."

■ Plaintiffs further contend that this section is not, in any event, applicable to the suit at bar because all of the assessments and payments were made prior to August 1, 1935, and hence prior to the effective date of the amendment.

Assuming the correctness of that premise, plaintiffs urge that section 21 (d) (1) is not, and cannot be, retroactive, and so does not here apply, citing, as authority, Wilkes Barre Lace Mfg. Co. v. Munday (D. C. Middle District of Pennsylvania, Watson, D. J.) 13 F.Supp. 870. In that case not only were the assessments and payments prior to August 24, 1935, but the *suit* itself was filed before that date. The court there, on demurrer by the defendant, held that section 21 (d) (1) was not retroactive as to *pending suits* and overruled the demurrer. With that opinion, I am in accord.

The Congress, in enacting section 21 (d) (1), obviously intended to prevent a recovery by the taxpayer of any taxes that had been passed on to another. At least I think that is a fair interpretation of the language of the section and little knowledge of country-wide conditions as then existing is needed to appreciate that this intention applied to prior paid taxes as well as any future taxes where a *claim* would be subsequently made.

Hence is demonstrated the unsoundness of the original premise of the plaintiffs, but this presents squarely as the main question in the case: Is section 21 (d) (1) unconstitutional?

The plaintiffs made various arguments against the legality of the section, claiming they were deprived of their right to prove their case in court; that there is an unlawful delegation of authority to an administrative officer; that the method of proof prescribed is burdensome and unsatisfactory; that they are deprived of an adequate remedy at law, and in support thereof cited, as authority, dicta of various federal courts in decisions on applications for restraining orders pendente lite, all decided before the Butler Case, supra. Danahy Packing Co. v. McGowan (D.C.) 11 F. Supp. 920; Gold Medal Foods, Inc. v. Landy (D.C.) 11 F.Supp. 65; Baltic Mills Co. v. Bitgood (D.C.) 12 F.Supp. 132; G. B. R. Smith Milling Co. v. Thomas (D.C.)

11 F.Supp. 833; John A. Gebelein, Inc. v. Milbourne (D.C.) 12 F.Supp. 105; A. P. W. Paper Co. v. Riley (D.C.) 12 F.Supp. 738.

■ Passing over all of these contentions, there is, to my mind, one all-controlling feature of the section referred to but not urged by plaintiffs, which is determinative of the question. In substance, section 21 (d) (1) provides that if *any* part of the tax is passed on and not absorbed by the taxpayer, then *no* part of such tax is recoverable in any proceeding. Is not this directly in conflict with the Fifth Amendment to the Constitution? That Amendment provides, as far as pertinent: "No person shall * * * be deprived of life, liberty, or property, without due process of law."

In the case of United States v. Jefferson Elec. Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 445, 78 L.Ed. 859, an excise tax law was involved, which reads as follows:

"Sec. 424. Refund of Automobile Accessories Tax.

"(a) No refund shall be made of any amount paid by or collected from any manufacturer, producer, or importer in respect of the tax imposed by subdivision (3) of section 600 of the Revenue Act of 1924, or subdivision (3) of section 900 of the Revenue Act of 1921 or of the Revenue Act of 1918, unless either—

"(1) Pursuant to a judgment of a court in an action duly begun prior to April 30, 1928; or

"(2) It is established to the satisfaction of the Commissioner that such amount was in excess of the amount properly payable upon the sale or lease of an article subject to tax, or that such amount was not collected, directly or indirectly, from the purchaser or lessee, or that such amount, although collected from the purchaser or lessee, was returned to him; or

"(3) The Commissioner certifies to the proper disbursing officer that such manufacturer, producer, or importer has filed with the Commissioner, under regulations prescribed by the Commissioner with the approval of the Secretary, a bond in such sum and with such sureties as the Commissioner deems necessary, conditioned upon the immediate repayment to the United States of such portion of the amount refunded as is not distributed by such manufacturer, producer, or importer, within six months after the date of the payment of

the refund, to the persons who purchased for purposes of consumption (whether from such manufacturer, producer, importer, or from any other person) the articles in respect of which the refund is made, as evidenced by the affidavits (in such form and containing such statements as the Commissioner may prescribe) of such purchasers, and that such bond, in the case of a claim allowed after February 28, 1927, was filed before the allowance of the claim by the Commissioner."

The Supreme Court held such conditions for recovery valid.

While section 21 (d) (1) substantially follows section 424 (a), supra (45 Stat. 866), it contains the additional provision that if the taxpayer has passed on *any* part, no matter how minute, of the tax collected under an assessment already held to be unconstitutional, *he cannot recover the balance,* which he has *paid* to *his* detriment.

This so clearly deprives the taxpayer of property without due process of law that I feel constrained in this case to so hold.

■ "It is not within the judicial province to read out of the statute the requirement of its words." United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 273, 51 S. Ct. 376, 378, 75 L.Ed. 1025.

Since the defendant has not disputed the sufficiency of the complaint under Revised Statutes, § 3226 (26 U.S.C.A. §§ 1672–1673), the motion is denied, and defendant is allowed fifteen days to answer. Settle order on two days' notice.