## VOIELLO v. HOEY, Collector of Internal Revenue.

District Court, S. D. New York.
June 2, 1936.

Duryee, Zunino & Amen, of New York City (Henry L. de Give, Jr., and Platt W. Dockery, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (William F. Young, of New York City, of counsel), for defendant.

HULBERT, District Judge.

The action is to recover processing taxes paid pursuant to assessment under the Agricultural Adjustment Act 1933 (see 7 U. S.C.A. § 601 et seq.).

Before answer, the defendant moved to dismiss the bill of complaint (1) because the requirements of section 21 (d) (1) (title 7 U.S.C.A. § 623 (d) (1), have not been complied with, and (2) because the requirements of Revised Statutes, § 3226 (title 26 U.S.C.A. §§ 1672–1673) have not been complied with.

The first contention is overruled on the authority of Edwin Cigar Co., Inc. et al. v. Higgins (D.C. decided May 19, 1936) 14 F.Supp. 817.

As to the second contention, the defendant argues that the tax levied under the Agricultural Adjustment Act was governed by the internal revenue laws, in the absence of express provision in the act to the contrary, and that all claims for refund are controlled by Revised Statutes, § 3226, if section 21 (d) (1) is found to be inapplicable.

The bill of complaint contains no allegation that a claim for refund was ever filed with the collector of internal revenue.

The plaintiff, in support of his complaint, which is drawn as an action in assumpsit, argues that the case of United States of America v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. ——, 102 A.L.R. 914, which held certain portions of the Agricultural Adjustment Act unconstitutional, determined that the exaction levied was in no way a tax. Hence, he urges, that the procedural parts of the act fell with the

substantive under the Butler Case, supra, but that, in any event, if there was *no tax*, the internal revenue laws can not apply, in whole or in part.

There is much force in this contention, but I do not believe that the principle of that decision should be so extended.

There are three portions of the original Agricultural Adjustment Act which, I feel, are applicable to the instant case. They are:

"Sec. 9. (a) To obtain *revenue* for extraordinary expenses incurred by reason of the national economic emergency, there shall be levied processing taxes as hereinafter provided." (Italics mine.) 7 U.S.C. A. § 609 (a).

"Sec. 19. (a) The taxes provided in this title shall be collected by the Bureau of Internal Revenue under the direction of the Secretary of the Treasury." (48 Stat. 41)

"(b) All provisions of law, including penalties, applicable with respect to the taxes imposed by section 600 of the Revenue Act of 1926, and the provisions of section 626 of the Revenue Act of 1932, shall, in so far as applicable and not inconsistent with the provisions of this title [chapter], be applicable in respect of taxes imposed by this title [chapter]. * * *" 7 U.S. C.A. § 619 (b).

Is not the purpose of a statute purporting to be a taxing statute, and not its ultimate determination, controlling as determinative of what laws shall affect both the collection and possible refund of the levy? That the original purpose of the act was to collect revenue appears from the very words of section 9 (a), above. It would seem, therefore, that the internal revenue laws should apply.

In addition, the plaintiff was squarely upon notice by section 19 (a) and (b), above, that the provisions of the internal revenue laws were to be applicable and that the one pertaining to refunds (Revised Statutes, § 3226) must be complied with in case the tax was ultimately held to have been illegally collected.

The plaintiff should comply with the requirements of Revised Statutes, § 3226.

The bill of complaint will be dismissed, with leave to plead over within twenty days, if so advised. Settle order on two days' notice.