## LINCOLN MILLS OF ALABAMA v. DAVIS, and three other cases.
### Nos. 4570, 4595, 4607, 4608.

District Court, N. D. Alabama, S. D.

July 6, 1936.

Coleman, Spain, Stewart & Davies, of Birmingham, Ala., for plaintiffs Lincoln Mills of Alabama.

Sutherland, Tuttle & Brennan, of Atlanta, Ga., for plaintiffs Anniston Mfg. Co.

Sizer, Chambliss & Kefauver, of Chattanooga, Tenn., for plaintiffs Standard-Coosa-Thatcher Co. and Sanquoit Spinning Mills.

Jim C. Smith, U. S. Dist. Atty., of Birmingham, Ala., for defendant.

DAVIS, District Judge.

These are suits by plaintiffs against Harwell G. Davis, as collector of internal revenue and individually, to recover floor and processing taxes collected from them under the Agricultural Adjustment Act (7 U.S.C.A. § 601 et seq.). The defendant filed a motion to dismiss for want of jurisdiction upon the ground, among others, that there was no averment that the plaintiffs had complied with section 21 (d) of the amendment of August 24, 1935, to the Agricultural Adjustment Act (7 U.S.C.A. § 623 (d). Being of the opinion that the same question could be reached by demurrer, I overruled the motion. The defendant demurred upon the same grounds.

Section 21 (d) of said act was repealed by the Revenue Act of 1936 (section 901 [7 U.S.C.A. § 623]). The defendant amended his demurrer by adding the ground that it is not alleged that plaintiffs have complied with section 902 of the 1936 Revenue Act (7 U.S.C.A. § 644). This section conditions plaintiffs' right of recovery upon their establishing that they have borne the burden of the tax and have in no way shifted the burden to others.

These are suits in the nature of an action for money had and received. The plaintiffs cannot recover until they show that the defendant has money in his possession which, in morals, equity, and good conscience belongs to them. Where plaintiffs sell a shirt, the purchaser pays the tax to them, and they pass it on to the government, certainly, there is no moral right in them to recover this tax.

Plaintiffs, however, contend that before section 21 (d) of the Agricultural Adjustment Act and sections 902, 906, and 907 of the Revenue Act of 1936 (7 U.S.C.A. §§ 644, 648, 649), were enacted they had a vested right; that these sections placed an impossible burden on them and deprived them of this right; and that said sections are unconstitutional. In my opinion, all of these questions were decided adversely to plaintiffs in the case of United States v. Jefferson Electric Manufacturing Company, 291 U.S. 386, 54 S.Ct. 443, 449, 78 L.Ed. 859.

The electric company manufactured and sold in the open market ignition coils. The

plaintiffs manufactured and sold in the open market cotton goods. The electric company bought in the open market iron, copper, coal, and other things used in the manufacture of the coils. The plaintiffs bought in the open market cotton, coal, starch, and other things used in the manufacture of cotton goods. Both used labor in manufacturing their products. The electric company paid a sales tax accruing when the goods were sold. The plaintiffs paid a processing tax accruing when cotton was opened for processing.

The taxes in both cases have been definitely ascertained. The sales price is definite. It is as easy in the one case as in the other to determine the costs of the finished product. That part of the tax paid by the seller of the raw material can be found by the use of a reasonable test time before, during, and after the tax period.

With this information, it will be no more difficult to determine the amount of the tax passed on than in the Electric Company Case. The court said in the Electric Company Case: "We do not perceive in the restriction any infringement of due process of law. If the taxpayer has borne the burden of the tax, he readily can show it; and certainly there is nothing arbitrary in requiring that he make such a showing. If he has shifted the burden to the purchasers, they and not he have been the actual sufferers and are the real parties in interest."

Orders will be made in conformity with this opinion.