988

**EDWIN CIGAR CO., Inc., et al. v. HIGGINS.**

District Court, S. D. New York.
Dec. 18, 1936.

Bennett E. Siegelstein, of New York City, for plaintiffs.

Lamar Hardy, U. S. Atty., of New York City (William F. Young, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The plaintiffs, in this action at law, seek the recovery of processing taxes paid pursuant to assessment under the Agricultural Adjustment Act of May 12, 1933, as amended (title 7 U.S.C.A. § 601 et seq.).

The defendant moves for an order dismissing the complaint, urging that this court has no jurisdiction over the subject-matter of this action.

In the complaint it is alleged that the plaintiffs are engaged in the business of purchasing and selling tobacco and in manufacturing, selling, and distributing cigars; that they are closely affiliated in business and have a joint interest in the subject-matter of this suit; that under the alleged

authority delegated to him under the Agricultural Adjustment Act, the Secretary of Agriculture levied a tax on the manufacture or processing of tobacco; and that as a result the plaintiffs were compelled to submit to assessments and the collection of a tax imposed in accordance with the Agricultural Adjustment Act and to pay the defendant processing taxes in the following sums: Edwin Cigar Company, Inc., $10,443.67; James B. Hall, Jr., Inc., $8,729.25; the Edwin Leaf Tobacco Company, Inc., $262.04.

The complaint further alleges that the assessment and collection of taxes under the Agricultural Adjustment Act were adjudicated unconstitutional by the United States Supreme Court, and that as a result of the decisions of the United States Supreme Court, the plaintiff became entitled to the return of the sums referred to above (United States of America v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914; Rickert Rice Mills, Inc., v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513); that prior to the institution of this action, the plaintiffs duly filed applications or claims as provided by law for the refund of said sums on the ground that these sums had been illegally assessed and collected; that said claims for refunds were rejected by the Commissioner of Internal Revenue; that, therefore, plaintiffs are entitled to maintain this suit for the return of said sums.

The plaintiffs pray for separate judgments in their favor, respectively, in the sums set forth above.

The defendant has heretofore moved to dismiss the complaint for failure on the part of the plaintiffs to allege compliance with section 21 (d) (1) of the Agricultural Adjustment Act, as added August 24, 1935 (7 U.S.C.A. § 623 (d) (1). On May 19, 1936, Judge Hulbert of this court rendered his decision denying the defendant's motion, holding section 21 (d) (1) to be unconstitutional. Edwin Cigar Co. v. Higgins (D.C.) 14 F.Supp. 817. The defendant thereafter served his answer to the complaint herein and followed the service of said pleading with the notice of motion now before the court.

It is significant that section 901 of the Revenue Act of 1936 (7 U.S.C.A. § 623 note), in addition to other provisions, expressly repealed section 21 (d) of the Agricultural Adjustment Act, as amended, which was declared unconstitutional by Judge Hulbert. Edwin Cigar Co. v. Higgins, supra.

The defendant, by its answer, admits certain allegations of the complaint, and in addition thereto pleads four separate and complete defenses to each of the several causes of action alleged in the complaint.

The basic defense of the defendant is that this court has no jurisdiction of the subject-matter of the causes of action alleged in the complaint by virtue of the provisions of section 906 of the Revenue Act of 1936 (7 U.S.C.A. § 648), which became effective on June 22, 1936.

The Revenue Act of 1936, which sets up a complete, new system of procedure for the refunding of processing taxes, may be briefly analyzed as follows:

Section 906 (a), 7 U.S.C.A. § 648 (a), withdraws the jurisdiction of the District Court over actions for the refund of processing taxes: "(a) Notwithstanding any other provision of law, no suit or proceeding, whether brought before or after the date of the enactment of this Act [June 22, 1936], shall be brought or maintained in any court for the refund of any amount paid or collected as processing tax, as defined herein [in section 655 of this title], under the Agricultural Adjustment Act [this chapter], except as provided in this section. The Commissioner shall allow or disallow, in whole or in part, any claim for refund of any such amount within three years after such claim was filed, unless such time has been extended by written consent of the claimant."

Section 902 (7 U.S.C.A. § 644) provides that no refund shall be allowed unless the claimant establishes to the satisfaction of the Commissioner that *he has borne the burden of such amount.*

Section 903 (7 U.S.C.A. § 645) requires, as a prerequisite to recovery of the tax, the filing of a claim for refund "after the Enactment of this Act [June 22, 1936], and prior to July 1, 1937."

Section 906 (b to g, inclusive), 7 U.S.C.A. § 648 (b–g) provides the exclusive method by which refunds may be made.

There can be very little dispute with the general proposition that Congress, at its discretion, may give, withhold, or restrict the jurisdiction of the federal courts (except the Supreme Court) provided it be not extended beyond the boundaries fixed by the Constitution. Kline v. Burke Con-

990

struction Co., 260 U.S. 226, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226, 24 A.L.R. 1077.

▮ It is equally well-settled that the withdrawal of jurisdiction by repeal or prohibition requires dismissal of pending proceedings, in the absence of a saving clause. Western Union Tel. Co. v. Louisville & N. R. Co., 258 U.S. 13, 19, 42 S.Ct. 258, 260, 66 L.Ed. 437; Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L. Ed. 152.

This applies with equal force to a statute that merely changes the procedure of cases pending at the time of enactment, in the absence of a saving clause, providing otherwise. Hallowell v. Commons, 239 U. S. 506, 36 S.Ct. 202, 60 L.Ed. 409; Baltimore & P. Railroad Company v. Grant, 98 U.S. 398, 25 L.Ed. 231; Matters v. Manufacturers' Trust Company, 54 F.(2d) 1010, 1016 (C.C.A.2).

▮ The foregoing authorities definitely refute the plaintiffs' contention that title 7 of the Revenue Act of 1936 (sections 901–917 [7 U.S.C.A. §§ 623 note, 644–659]) cannot affect an action pending prior to the passage of the act.

This leads us directly to the controlling feature of this case, namely, does title 7 of the Revenue Act of 1936 fulfill the requirements of due process?

The plaintiffs urge that this act is as vague, uncertain, and indefinite as its predecessor section 21 (d) (1) of the Agricultural Adjustment Act of August 24, 1935 (7 U.S.C.A. § 623 (d) (1), and attempts to deprive the taxpayer of an adequate remedy at law.

The defendant contends that the objection to section 21 (d) (1) has been removed and section 902 of the Revenue Act of 1936 (7 U.S.C.A. § 644) (which provides that no refund shall be allowed unless the claimant establishes to the satisfaction of the commission that he has borne the burden of such amount), is in all material respects like the procedure set up by section 424 of the Revenue Act of 1928 (45 Stat. 791, 866) and upheld by the Supreme Court in United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L. Ed. 859.

In the Jefferson Case, supra, in concluding that no infringement of due process was found, the court said, 291 U.S. 386, at page 402, 54 S.Ct. 443, 449, 78 L.Ed. 859: "We do not perceive in the restriction any infringement of due process of law. If the taxpayer has borne the burden of the tax, he readily can show it; and certainly there is nothing arbitrary in requiring that he make such a showing. If he has shifted the burden to the purchasers, they and not he have been the actual sufferers and are the real parties in interest; and in such a situation there is nothing arbitrary in requiring, as a condition to refunding the tax to him, that he give a bond to use the refunded money in reimbursing them."

▮ The court must therefore conclude that section 902 of the Revenue Act of 1936 (7 U.S.C.A. § 644) cured what was found by Judge Hulbert to be objectionable in its predecessor section 21 (d) (1) of the Agricultural Adjustment Act, as amended. Edwin Cigar Co. v. Higgins, supra.

▮ It is also no ground for complaint that the plaintiffs may encounter difficulty in proving that they have borne the tax themselves without having been reimbursed by collecting it from the purchasers. Burnet v. Houston, 283 U.S. 223, 228, 51 S. Ct. 413, 415, 75 L.Ed. 991.

▮▮ Section 906 of the Revenue Act of 1936 (7 U.S.C.A. § 648) provides for a review of an adverse decision of the Commissioner on the taxpayers' claim by a Board of Review in the Treasury Department. An appeal from the decision of the Board of Review for errors of law lies to the Circuit Court of Appeals with review by the United States Supreme Court on certiorari.

A similar method of procedure is employed in the matters before the Board of Tax Appeals. That the procedure employed there does not violate the due process clause of the Constitution (Amendment 14) is no longer open to question. See Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L. Ed. 918; Phillips v. Commissioner, 283 U. S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

Further, the United States Supreme Court has consistently held that a final or conclusive determination of questions of fact by administrative bodies does not violate due process. Notably among these decisions may be found the case of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L. Ed. 598, which dealt with the Longshoreman's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.). The clarity with which the court has spoken is

best illustrated by quoting from 285 U.S. 22, at page 47, 52 S.Ct. 285, 291, 76 L.Ed. 598: "The use of the administrative method for these purposes, assuming due notice, proper opportunity to be heard, and that findings are based upon evidence, falls easily within the principle of the decisions sustaining similar procedure against objections under the due process clauses of the Fifth and Fourteenth Amendments." See, also, Texas & N. O. R. Co. v. United States, 295 U.S. 395, 55 S.Ct. 784, 79 L.Ed. 1501; Atchison, etc., Railway Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L. Ed. 273; Virginian Ry. Co. v. United States, 272 U.S. 658, 47 S.Ct. 222, 71 L.Ed. 463.

■ But one other contention of the plaintiffs need be considered. The Revenue Act of 1936 deprives them of what they claim is their constitutional right of a trial by jury (Const. Amend. 7).

The case of Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184, is a complete answer to this proposition. There, suit was brought to recover from the collector of internal revenue money demanded, and paid under protest, as an estate tax. Mr. Chief Justice Taft delivered the opinion of the court. At pages 105, 106 of 275 U.S., page 45 of 48 S.Ct., 72 L.Ed. 184, he said: *"It is within the undoubted power of Congress to provide any reasonable system for the collection of taxes and the recovery of them when illegal, without a jury trial*—if only the injunction against the taking of property without due process of law in the method of collection and protection of the taxpayer is satisfied. Den ex dem. Murray v. Hoboken Land & Improvement Co., 18 How. 272, 281, 282, 284, 15 L.Ed. 372; Nichols v. United States, 7 Wall, 122, 127, 19 L. Ed. 125; Cheatham v. United States, 92 U. S. 85, 88, 89, 23 L.Ed. 561." (Italics mine.)

Recently, several cases have been decided in other jurisdictions dealing with the precise questions now before the court. Suffice it to say that title 7 of the Revenue Act of 1936 has been held to be constitutional by the United States District Court in Alabama, in Lincoln Mills v. Davis, 15 F.Supp. 257 (see Prentice Hall Fed. Tax Service, 1936, par. 35824), affirmed (C.C.A. 5) 87 F.(2d) 773, and by the District Court of Massachusetts in Butler v. Carney, and four other cases, 17 F.Supp. 133, decided December 2, 1936.

The court has not overlooked a ruling of the District Court of Virginia (see Charles W. Priddy & Co., Inc., v. Early [no opinion], referred to in Prentice Hall Fed. Tax Service, 1936, § 1762), holding title 7 of the Revenue Act to be unconstitutional. No opinion was written in that case, and all that appears in the order overruling the demurrer is the statement that the act involved is unconstitutional because it destroys vested rights of the plaintiff. However, the reasoning of the opinions of Judge Brewster in Butler v. Carney, supra, and Judge Davis in Lincoln Mills v. Davis, supra, is persuasive and in accord with the court's convictions in the matter at bar.

In conformity with the views expressed, the court is constrained to hold that title 7 of the Revenue Act of 1936 fulfills the requirement of due process of law.

This court is therefore deprived of jurisdiction over the subject-matter of this action, and must accordingly dismiss the complaint.